# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4345 | **DATE** | June 25, 2013 |
| **CASE TITLE** | Sam Lee Patterson (#2012-00905127) v. Cook County Jail Dep't of Corr., et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted and the initial partial filing fee is waived. The Clerk shall send a copy of this order to the supervisor of inmate trust fund accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608. The Cook County Jail, Cermak Health Services and Sergeant Jones are dismissed as Defendants. The Clerk is directed to issue summonses for Defendants Correctional Officers McKoy and Johnson, and the United States Marshals Service is appointed to serve them. The Clerk shall send Plaintiff Instructions for Submitting Documents, along with a copy of this order. Plaintiff's motion for attorney representation [#4] is denied without prejudice.

■ [**For further details see text below.**]   **Docketing to mail notices.**

## STATEMENT

Plaintiff, Sam Lee Patterson, presently in custody of the Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, the Cook County Jail, Cermak Health Services, Sergeant Jones, and Correctional Officers Johnson, and McKoy violated his constitutional rights by being deliberately indifferent to his serious mental health needs. More specifically, Plaintiff claims that on April 8, 2013, he told Defendant McKoy that he felt unstable and that he might harm himself. Plaintiff claims that Defendant McKoy's response was to ignore him and go to lunch. With respect to Defendant Johnson, Plaintiff claims that he also told her that he intended to harm himself, and she ignored him. Only when he cut himself using the light bulb in his cell, did Defendant Johnson sent him to the healthcare unit. Plaintiff alleges that upon return from the health care unit, Sergeant Jones put him back in the same cell, where he stayed for four days without a lightbulb.

Plaintiff's motion for leave to proceed in forma pauperis is granted and his initial partial filing fee is waived.. According to the statement submitted with his in forma pauperis application, Plaintiff has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $400 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The inmate trust account office at Cook County Jail shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting Plaintiff's factual allegations as true, the Court finds that the complaint states a plausible claim under the Civil Rights Act as to Defendants McKoy and Johnson for **(CONTINUED)**

AWL

| STATEMENT |
|---|

deliberate indifference to a serious mental health need. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001). While a more fully developed record may belie the Plaintiff's allegations, Defendants must respond to the complaint.

However, With respect to Defendant Cook County Jail and Cermak Health Services, county agencies and departments are not proper suable entities in § 1983 litigation. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). As such, the Cook County Jail and Cermak Health Services are dismissed as Defendants.

Additionally, Plaintiff claims that Defendant Jones placed him back in his cell without a working lightbulb for four days. A claim regarding a condition of confinement of such short duration does not rise to the level of a constitutional violation. "The length of confinement cannot be ignored in deciding whether the confinement meets constitutional standards." *Hutto v. Finney*, 437 U.S. 678, 686-87 (1978) ("A filthy, overcrowded cell and a diet of 'grue' might be tolerable for a few days and intolerably cruel for weeks or months."); *see also DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) ("While no single factor controls the outcome of these cases, the length of exposure to the conditions is often of prime importance"). Claims of adverse conditions for as short a period of time as Plaintiff's have been allowed to proceed only when the conditions were extreme. *See Vinning-El v. Long*, 482 F.3d 923, 924 (7th Cir. 2007) (prisoner held in a cell for three to six days with no working sink or toilet, floor covered with water, and walls smeared with blood and feces); *Johnson v. Pelker*, 891 F.2d 136, 139 (7th Cir. 1989) (inmate held for three days in cell with no running water and feces smeared on walls). The condition Plaintiff alleges do not rise to such a level. As the only claim against Defendant Jones relates to the issue with the lack of light in Plaintiff's cell, Defendant Jones is dismissed as a Defendant.

The Clerk shall issue summonses for service of the complaint on Defendants McKoy and Johnson (hereinafter, "Defendants"). The Clerk shall also send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former jail employee who can no longer be found at the work address provided by Plaintiff, the Cook County Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff has submitted a motion for attorney representation. The motion is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, No. 12-1182, --- F.3d ---, 2013 WL 2321349, at *3 (7th Cir. May 29, 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en

**(CONTINUED)**

| STATEMENT |
|---|

banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 2013 WL at     *    (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case. First, Plaintiff has failed to show either that he has made reasonable efforts to retain private counsel or that he has been effectively precluded from making such efforts. Second, the complaint sets forth cognizable claims and while Plaintiff has alleged a mental health issue, it does not appear based upon his pleadings thus far that it will preclude him from adequately investigating the facts giving rise to his complaint. At this point, Plaintiff appears more than capable of litigating this matter. It should additionally be noted that the court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.