UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAM LEE PATTERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 13 C 4345 |
| ) | |
| v. ) | Judge Joan H. Lefkow |
| ) | |
| OFFICER McKOY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sam Lee Patterson (hereinafter, "Plaintiff" or "Patterson"), filed suit, *pro se*, against Cook County Correctional Officers McKoy and Johnson (hereinafter, "Defendants"). Plaintiff alleges that Defendants subjected him to deliberate indifference to a serious medical condition on April 8, 2013, while he incarcerated at the Cook County Jail.

Presently pending before the Court is Defendant's motion for summary judgment [#27]. Defendants argue in their motion that the Plaintiff has failed to exhaust his administrative remedies prior to filing suit. For the reasons stated herein, the Defendants' motion for summary judgment is granted.

## BACKGROUND

The following facts are taken from Defendants' Rule 56.1 statement and from the record attached to Defendants Rule 56.1 statement. Plaintiff is currently housed in Cook County Jail, Division 10, awaiting trial. (Defendant's L.R. 56.1 statements of fact ¶ 1). At the time Plaintiff filed his Complaint on June 25, 2013, and during the relevant time period referenced therein, he was detained in the Cook County Department of Corrections ("CCDOC"). (Defendant's L.R. 56.1 statements of fact ¶ 2). During the time covered in Plaintiff's allegations, Plaintiff was assigned to Division 9, a general population division that also holds people who have been

issued disciplinary tickets. (Defendant's L.R. 56.1 statements of fact ¶ 4). Plaintiff was housed in the general population area of Division 9. *Id.*

On April 8, 2013, Plaintiff was in the day room during the morning shift for a period of two and a half to three hours. (Defendant's L.R. 56.1 statements of fact ¶ 5). During this time, Plaintiff was able to walk around the day room but Plaintiff's cell was locked. *Id.* Plaintiff told Defendant Officer McKoy that he was not feeling well and that he would like to see a "psych." (Defendant's L.R. 56.1 statements of fact ¶ 6). Officer McKoy called the doctor but "nobody got back with him" and he was told that "they going to call back later." (Defendant's L.R. 56.1 statements of fact ¶ 7). Officer McKoy was shortly thereafter relieved by Defendant Officer Johnson for his lunch break. *Id.*

Plaintiff told Officer Johnson that he didn't feel well, that he needed to see a psych doctor, and that he didn't want to go back in his cell. (Defendant's L.R. 56.1 statements of fact ¶ 8). Plaintiff did not fill out a medical request slip on April 8, 2012, but he was scheduled to see a mental health specialist on April 9, 2012. (Defendant's L.R. 56.1 statements of fact ¶ 9). At the end of Plaintiff's "time out" he was let back in his cell and the door was locked behind him. (Defendant's L.R. 56.1 statements of fact ¶ 10).

Shortly after being let back in his cell, Plaintiff unscrewed a light bulb from his cell and cut himself on his upper arms. (Defendant's L.R. 56.1 statements of fact ¶ 11). When Cook County Officers discovered Plaintiff, he was promptly taken to the dispensary in Division 9 for triage and eventually to Cermak Health Services for further treatment. (Defendant's L.R. 56.1 statements of fact ¶ 12). After the incident and throughout the rest of the day of April 8, 2012, and into the early morning hours of April 9, 2013, doctors treated Plaintiff for his physical injuries. (Defendant's L.R. 56.1 statements of fact ¶ 13). Plaintiff was also seen by mental health specialists. *Id.*

CCDOC had a grievance procedure that was in effect and available to all detainees/inmates in 2013. (Defendant's L.R. 56.1 statements of fact ¶ 16). Filing an appeal of a grievance is required to exhaust administrative remedies under CCDOC's Inmate Grievance Procedure. (Defendant's L.R. 56.1 statements of fact ¶ 17). Plaintiff was familiar with the process of filing a detainee grievance. (Defendant's L.R. 56.1 statements of fact ¶ 18).

During the period from September 5, 2012, when he was first incarcerated, to August 26, 2013, Plaintiff filed a total of seven grievance forms. (Defendant's L.R. 56.1 statements of fact ¶ 19). Of those seven grievance forms, two of those grievances concerned incidents involving mental health care. (Defendant's L.R. 56.1 statements of fact ¶ 20).

On March 18, 2013, Plaintiff submitted a grievance form requesting mental health care. (Defendant's L.R. 56.1 statements of fact ¶ 21). This grievance was given a control number 2013x0829. *Id*. Plaintiff received a response for this grievance on April 3, 2013, which stated that, per his requests, he had received mental health treatment on March 15, 2013, and March 20, 2013. (Defendant's L.R. 56.1 statements of fact ¶ 22). Plaintiff received and signed this response on April 3, 2013. *Id*. Plaintiff did not file an appeal of this grievance. (Defendant's L.R. 56.1 statements of fact ¶ 23). Moreover, no one prevented him from filing an appeal of his grievance. *Id*.

On April 28, 2013, Plaintiff submitted a grievance form regarding the April 8, 2013, incident that is the subject of the instant case and requesting that a light bulb be put back in his room. (Defendant's L.R. 56.1 statements of fact ¶ 24). This grievance was given a control number 2013x1374. *Id*. Plaintiff received a response for this grievance on May 7, 2013. (Defendant's L.R. 56.1 statements of fact ¶ 25). The response stated that he had received prompt medical treatment for his arm and that he had been placed in a cell that did not require a

light bulb. *Id*. Plaintiff received and signed this response on May 7, 2013. *Id*. Plaintiff did not file an appeal of this grievance. (Defendant's L.R. 56.1 statements of fact ¶ 26). Moreover, no one prevented him from filing an appeal of his grievance. *Id*.

Each of the responses that Plaintiff received contained the language, "to exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response" in the portion of the grievance form titled, "Inmate's Request for an Appeal." (Defendant's L.R. 56.1 statements of fact ¶ 27). Plaintiff completed three years of high school and is literate. (Defendant's L.R. 56.1 statements of fact ¶ 28). These were the only two grievances Plaintiff filled out regarding incidents involving mental health care during the relevant time period. (Defendant's L.R. 56.1 statements of fact ¶ 29).

## LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins*., 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc*., 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence that a genuine issue of material fact exists that requires a trial. *See Hemsworth,* 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" [#30] as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992), *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982), and Local Rule 56.2. This notice clearly set out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1.

Local Rule 56.1(b)(3) requires a party opposing a motion for summary judgment to file:

> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir. 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Despite being given the L.R. 56.2 notice, Plaintiff failed to respond to Defendants' Rule 56.1 statement of facts. Plaintiff submitted correspondence [#32] to the Court responding to the motion, but not in compliance with L.R. 56.2 (N.D. Ill.), and not addressing the facts submitted by Defendants in their L.R. 56.1 statement. The Court granted Plaintiff an extension of time in which to properly respond, but he has failed to do so. Consequently, Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material, adequately supported

5

by the record, and not controverted by evidence in the record, are deemed admitted.

## ANALYSIS

**Plaintiff Failed to Exhaust Administrative Remedies Prior to Filing Suit.**

According to the record before the Court, it cannot entertain Plaintiff's claim of deliberate indifference because Defendants have demonstrated that Plaintiff failed to exhaust administrative remedies prior to bringing suit. The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions ... by a prisoner ... until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Booth v. Churner*, 531 U.S. 956 (2001). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Smith v. Zachary*, 255 F.3d 446, 450 (7th Cir. 2001).

An inmate must comply with the rules established by the State [or, in this case, county] with respect to the form and timeliness of grievances. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002) (where prisoner failed to avail himself of the administrative grievance process in a timely manner, he was barred from pursuing relief in federal court). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *see also Woodford v. Ngo*, 548 U.S. at 90.

To exhaust remedies under § 1997e(a), a prisoner "must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999) ("[T]he exhaustion requirement in § 1997e(a) is directed at exhausting the prisoner's administrative remedies in the corrections system, and investigation by another agency does not satisfy the requirement of the statute."). The purpose behind the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before a federal suit is initiated. *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002).

The evidence in the record establishes that Plaintiff submitted two grievances regarding mental health care at the CCDOC: one on March 18, 2013; and the other, regarding the incident underlying his complaint, on April 28, 2013. Plaintiff received a response to the March 18, 2013, grievance on April 3, 2013. Plaintiff filed no appeal of the response to the grievance. Plaintiff received a response to his April 28, 2013, grievance on May 7, 2013, and did not appeal that grievance either. Plaintiff filed no other grievances during the relevant time period regarding his mental health care at CCDOC.

"[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intraprison remedies *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999); *see also Ford*, 362 F.3d at 398. The Court finds that Plaintiff did not exhaust his administrative remedies prior to filing suit.

As the evidence is clear that Plaintiff did not fully exhaust his administrative remedies prior to filing suit, judgment is granted to Defendants. Although the time for submitting a grievance has expired per CCDOC's policies, the dismissal of Plaintiff's claim is without prejudice, as this Court does not rule on whether a state court would apply an exhaustion

requirement similar to that of § 1997e(a) with respect to Plaintiff's claims. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (for that reason, "all dismissals under § 1997e(a) should be without prejudice"). In short, the Court's ruling does not preclude the Plaintiff from pursuing any relief that may be available to him through the state court. But because by operation of § 1997e(a) Plaintiff has no further recourse in federal court, the dismissal without prejudice nevertheless constitutes a final, appealable, order. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (order dismissing § 1983 claims for failure to exhaust administrative remedies is appealable where there are no further remedies that plaintiff can pursue); *Barnes v. Briley*, 420 F.3d 673, 676 (7th Cir. 2005) (same).

If Plaintiff wishes to appeal this final judgment, he may file a notice of appeal in this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also be assessed a "strike" under 28 U.S.C. § 1915(g). The Plaintiff is advised that, pursuant to the statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury.

## CONCLUSION

For the foregoing reasons, Defendants McKoy and Johnson's motion for summary judgment [#27] is granted. The Clerk is directed to enter judgment in favor of the Defendants pursuant to FED. R. CIV. P. 56. The case is terminated on the Court's docket.

Dated: July 28, 2014

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Joan H. Lefkow
　　　　　　　　　　　　　　　　　　　　　　　　　　　U.S. District Court Judge